UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KORI DANIELS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-1979** |
| **SINGH DAVINDER, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Great West Casualty Company ("Great West") Memorandum in Support of the Amount in Controversy (hereinafter, the "Memorandum").[1] This litigation arises out of Plaintiff Kori Daniel's ("Plaintiff") claims for damages following a motor vehicle accident. Plaintiff brings this case against Defendants Singh Davinder ("Davinder"), Noor Transport, Inc. ("Noor Transport"), Blue Horse, Inc. ("Blue Horse"), and Great West. (collectively, "Defendants").[2] Plaintiff originally filed this action in Civil District Court for the Parish of Orleans. Great West removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of the pleadings and the Memorandum, this Court has determined that it does not have subject matter jurisdiction over this matter. Accordingly, the Court hereby remands the case to the Civil District Court for the Parish of Orleans.

### I. Background

On September 30, 2023, Plaintiff was allegedly traveling in her vehicle on Chef Menteur Highway, when Davinder "crashed the 18 wheeler he was driving into [Plaintiff]" causing her

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1-1 at 2.

[3] Rec. Doc. 1.

1

personal injuries and property damages.[4] On September 24, 2024, Plaintiff filed suit in against Defendants in state court.[5] Plaintiff alleges that Noor Transport and Blue Horse are vicariously liable for the actions of Davinder.[6] Plaintiff further asserts that Noor Transport and Blue Horse are independently negligent for failing to properly train Davinder on the safe operation of a commercial vehicle, failing to properly implement a system to monitor the driving of Davinder, and failing to properly maintain routine review of Davinder's operation of a commercial vehicle.[7] Plaintiff alleges that Great West provided liability insurance to Noor Transport and/or Blue Horse.[8] Plaintiff seeks damages for past, present, and future physical pain and suffering; past, present, and future mental anguish and emotional distress; past, present, and future medical bills and expenses; loss of society; loss of enjoyment of life; loss of earnings and earning capacity; and property damages.[9]

On September 23, 2025, Great West removed this case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[10] On September 25, 2025, this Court ordered Great West to submit summary-judgment-type evidence regarding the amount in controversy.[11] In the Memorandum, Great West argues that Plaintiff's injuries exceed $75,000 based on the nature of

---

[4] Rec. Doc. 1-1 at 2.

[5] *Id.* at 2–4.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] Rec. Doc. 1.

[11] Rec. Doc. 3.

2

Plaintiff's damages.[12] Great West points out that Plaintiff "prays for damages of a reasonable amount" and does not allege that the claim is less than requisite amount for the exercise of federal jurisdiction.[13] Great West contends these are factors to be considered in determining whether the jurisdictional minimum is met.[14] Furthermore, Great West contends that Louisiana courts have awarded damages exceeding $75,000 in cases involving claims similar to those alleged by Plaintiff.[15]

### III. Legal Standard

*A.     Removal*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[16] The removing party bears the burden of demonstrating that federal jurisdiction exists.[17] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[18] Even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[19] "[S]ubject matter delineations must be policed by the courts on their own initiative."[20] The Court

---

[12] Rec. Doc. 4 at 2.

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.* at 4–7.

[16] *See* 28 U.S.C. § 1441(a).

[17] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[18] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[19] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[20] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon*

must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[21]

## B.    *Amount in Controversy*

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the complaint alleges a specific amount of monetary damages.[22] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[23] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[24] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[25]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[26] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[27] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[28] A

---

*Oil Co.*, 526 U.S. 574, 583 (1999)).

[21] 28 U.S.C. § 1447(c).

[22] *See Allen*, 63 F.3d at 1335.

[23] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[24] *Id.*

[25] *Id.*

[26] *See* La. Code Civ. P. art. 893.

[27] *Id.*

[28] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*,

4

defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[29] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[30] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[31]

### IV. Analysis

There is no dispute that there is complete diversity.[32] Accordingly, the only issue with regard to whether the Court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). Great West argues that the jurisdictional amount has been met because Plaintiff did not stipulate that her claim was less than $75,000. Additionally, Great West contends that Louisiana courts have awarded damages exceeding $75,000 in cases involving claims similar to those alleged by Plaintiff.

On the face of the Petition, it is not apparent that that amount in controversy exceeds $75,000. Plaintiff generally alleges personal injuries and property damages, but she does not allege

---

63 F.3d at 1335.

[29] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[30] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[31] *Allen*, 63 F.3d at 1335.

[32] Plaintiff is a citizen of Louisiana. (Rec. Doc. 1 at 6–7). Great West is a citizen of Nebraska (Rec. Doc. 1 at 6–7). Davinder and Blue Horse are citizens of Indiana. (Rec. Doc. 1 at 6–7). Finally, Noor Transport was a citizen of California, prior to becoming defunct in 2019. (Rec. Doc. 1 at 6–7).

the nature and extent of the injuries suffered nor a specific amount of damages. Great West suggests that Plaintiff's failure to stipulate that her damages are below the requisite amount constitutes evidence that the amount in controversy exceeds $75,000. "[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden."[33] Plaintiff's failure to stipulate, standing alone, does not establish that her claims exceed $75,000.[34] "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not facially apparent' that the amount of damages would exceed $75,000."[35] Accordingly, it is not facially apparent that the amount in controversy exceeds $75,000.

Great West contends that Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. Great West cites several cases to assert that the nature of Plaintiff's injuries establish the required jurisdictional amount. These cases are not a quantum study regarding the amount of damages awarded for particular injuries. They merely stand for the proposition that the amount in controversy was met in those cases.

A defendant's burden to prove by a preponderance of the evidence that the amount exceeds the jurisdictional amount requires more than pointing to state law that might allow the plaintiff to recover more than the jurisdictional minimum.[36] Plaintiff's medical expenses to date are only $3,589.10, which is well below the $75,000 threshold. Great West has not presented information to show that Plaintiff is receiving ongoing treatment or any estimates as to the cost of any such

---

[33] *Carbajal v. CasKids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006).

[34] *See id.*

[35] *Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394, 2016 WL 1317937, at *3 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) (quoting *Dunomes v. Trinity Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014)).

[36] *Gebbia,* 233 F.3d at 882; *De Aguilar*, 47 F.3d at 1412.

treatment. Likewise, Great West has failed to demonstrate that Plaintiff's injuries are subject to damages such as permanent disability or disfigurement. Further, even though Plaintiff alleges loss of earnings and earning capacity and property damages as a result of the accident, Great West has not set forth facts to support the amount of those damages. Courts have remanded cases "in which plaintiffs failed to plead permanent disability or that their injuries required surgery, even when plaintiffs included claims such as lost wages, medical expenses, and past and future mental and physical pain and suffering."[37]

Great West has not submitted sufficient evidence outside of its own contention that the amount in controversy exceeds $75,000. For the reasons above, Great West has failed to set forth facts in controversy that support a finding of that Plaintiff's damages will exceed $75,000. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to the Civil District Court for the Parish of Orleans.

**NEW ORLEANS, LOUISIANA,** this   18th   day of December, 2025.

                                               **NANNETTE JOLIVETTE BROWN**
                                               **UNITED STATES DISTRICT JUDGE**

---

[37] *Buchana v. Wal-Mart Stores, Inc.*, No. 99 2783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999).